UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN STATE TREASURER,

    Plaintiff,

v.

CHARLES WILSON,

    Defendant.
                              /

Case No. 07-15025

Honorable Patrick J. Duggan

## OPINION AND ORDER REMANDING CASE TO THE OAKLAND COUNTY, MICHIGAN CIRCUIT COURT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_January 31, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                         U.S. DISTRICT COURT JUDGE

The Michigan State Treasurer[1] ("Plaintiff") commenced this action in the Oakland County, Michigan Circuit Court pursuant to the State Correctional Facility Reimbursement Act ("SCFRA"), MICH. COMP. LAWS §§ 800.401-461, seeking reimbursement for Defendant's incarceration costs. Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441, alleging that federal question jurisdiction exists as the Plaintiff's claim is preempted by the Employee Retirement Income Security Act of

---

[1]Although Michael A. Cox, the Michigan Attorney General, is listed as the Defendant on the docket and in the parties' filings, the complaint lists the Michigan State Treasurer as the Plaintiff.

1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Presently before this Court is Plaintiff's motion to remand. On January 15, 2008, the Court sent the parties a notice stating that the Court is dispensing with oral argument on Plaintiff's motion. *See* E.D. Mich. LR 7.1(e)(2).

**I.   Background**

Defendant is currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan. In his notice of removal, Defendant states that he receives pension benefits "from the DaimlerChrysler Corporation-UAW Pension Agreement (Pension Plan) in the amount of $2,600 per month." (Dft.'s Not. Removal ¶ 2.)

On October 10, 2007, Plaintiff commenced the underlying action. Plaintiff's claim against Defendant is brought pursuant to the SCFRA, which, after an appropriate determination, allows the state to collect up to 90% of the value of a prisoner's assets to pay for the costs of the prisoner's incarceration. *See* MICH. COMP. LAWS § 800.403.

**II.  Discussion**

Generally, a civil action brought in state court can be removed to the proper federal court if it could have been brought there originally. 28 U.S.C. § 1441. Courts must look to the face of the plaintiff's "well-pleaded complaint" to determine whether a federal question exists. *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 613 (6th Cir. 2001). One exception to this "well-pleaded complaint" rule is "[w]here Congress so completely preempts a particular area of the law, the lawsuit arising under state law becomes federal in character." *Id.* (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S. Ct. 1542, 1546 (1987)).

Defendant contends that Plaintiff's SCFRA claim is preempted by ERISA. In *Wright*, the Sixth Circuit explained that "only if the claim is 'completely preempted' by ERISA, that is, when the action to recover benefits, enforce rights or clarify future benefits under an ERISA plan, is the action subject to removal to the federal courts." *Id.* at 613. State differently, although state law claims that merely "relate to" an ERISA plan are subject to the defense of preemption, they are not removable to federal court. *See id.* Thus, this Court must determine if Plaintiff's SCFRA claim is completely preempted by ERISA.

The Sixth Circuit has not addressed the issue presently before the Court. Nonetheless, on two separate occasions, Judge Lawson, of the United States District Court for the Eastern District of Michigan, has been faced with this identical issue. *State Treasurer v. Sprague*, Case No. 06-10130, 2006 U.S. Dist. LEXIS 47862 (E.D. Mich. July 14, 2006); *Michigan Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731 (E.D. Mich. 2002). In both *Sprague* and *Michalec*, Judge Lawson held that an SCFRA claim is not completely preempted by ERISA and thus removal was improper. *Sprague*, 2006 U.S. Dist. LEXIS 47862, at * 8; *Michalec*, 181 F. Supp. 2d at 736. This Court finds Judge Lawson's reasoning in *Sprague* and *Michalec* persuasive.

Because Plaintiff is seeking redirection of Defendant's pension plan benefits and not a determination of the rights and benefits under the pension plan, Plaintiff's SCFRA claim is not completely preempted by ERISA. *Sprague*, 2006 U.S. Dist. LEXIS 47862, at *3 (referring to *Michalec*, 181 F. Supp. 2d at 735-36). Therefore, Plaintiff's motion to remand will be granted.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to remand is **GRANTED** and that this case is **REMANDED** to the Oakland County Circuit Court.

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:
Deborah Benedict Waldmier, AAG

Charles Wilson
#636215
Macomb Correctional Facility
34625 26 Mile Road
New Haven, MI 48048