UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN STATE TREASURER,

    Plaintiff,

v.

CHARLES WILSON,

    Defendant.
_____/

Case No. 07-15025

Honorable Patrick J. Duggan

## OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 22, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

The Michigan State Treasurer[1] ("Plaintiff") commenced this action in the Oakland County Circuit Court pursuant to the State Correctional Facility Reimbursement Act ("SCFRA"), MICH. COMP. LAWS §§ 800.401-461, seeking reimbursement for the costs of Defendants' incarceration. More specifically, Plaintiff sought an order requiring Defendant to notify the Chrysler Corporation, the fiduciary of a pension plan under which Defendant is a beneficiary, that his legal address is that of the correctional facility at which he resides so that Defendant's monthly pension benefit checks can be deposited in

---

[1]Although Michael A. Cox, the Michigan Attorney General, is listed as the Defendant on the docket and in the parties' filings, the complaint lists the Michigan State Treasurer as the Plaintiff.

Defendant's institutional account and used to pay for the costs of his incarceration. Defendant, proceeding *pro se*, removed the case to this Court pursuant to 28 U.S.C. § 1441, alleging that federal question jurisdiction exists. On January 31, 2008, this Court issued an Opinion and Order granting Plaintiff's motion to remand this case to the Oakland County Circuit Court. In the January 31, 2008 Opinion and Order, this Court held that Plaintiff's SCFRA claim was not completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, and thus, it could not be removed on the basis of federal question jurisdiction. *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 613 (6th Cir. 2001). Presently before this Court is Defendant's motion for reconsideration of the January 31, 2008 Opinion and Order.[2]

Pursuant to Eastern District of Michigan Local Rule 7.1(g)(2), "[n]o response to [a] motion [for reconsideration] and no oral argument are permitted unless the court orders otherwise." Furthermore, the standard for a Motion for reconsideration is set forth in Eastern District of Michigan Local Rule 7.1(g)(3), which provides:

> Generally, and without restricting the court's discretion, the
> court will not grant motions for rehearing or reconsideration

---

[2]Defendant's motion for reconsideration was filed on February 14, 2008, one day before the Clerk's Office issued the Notice of Remand on February 15, 2008. Generally, when a district court remands an action to a state court, it no longer has jurisdiction over the action. *Hubbard v. Combustion Eng'g, Inc.*, 794 F. Supp. 221, 222 (E.D. Mich. 1992)(citation omitted). Courts, however, recognize the following exception to this general rule: "a district court retains jurisdiction to reconsider a remand order where a certified copy has not yet been mailed to the clerk of the state court to which the case is to be remanded." *Id.* (citations omitted). Because Defendant filed his motion for reconsideration before a certified copy of this Court's January 31, 2008 Opinion and Order was sent to the clerk of the Oakland County Circuit Court, this Court has jurisdiction to decide Defendant's motion. *See id.*

> that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus, "[t]he Court will grant a motion for reconsideration if the moving party shows: (1) a 'palpable defect,' (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002). "A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

Defendant first contends that this Court should reconsider its January 31, 2008 Opinion and Order because he removed this action "to enforce his rights under federal law, rather than raise a defense to the state action." (Dft.'s Mot. ¶ 3.) Defendant cannot re-characterize Plaintiff's SCFRA claim as one brought under ERISA. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399, 107 S. Ct. 2425, 2433 (1987)(explaining that "a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law"). Moreover, despite Defendant's arguments to the contrary, his assertion that his rights under ERISA may be violated is a defense to Plaintiff's SCFRA claim, and this Court must ignore potential defenses in determining whether a well-pleaded complaint asserts a federal question. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S. Ct. 2058, 2062 (2003). Therefore, Defendant's first argument is without merit.

Second, Defendant argues that this Court should reconsider its decision remanding this case to the Oakland County Circuit Court because "Michigan courts continue to violate federal precedent governing ERISA, therefore, Defendant's only avenue of protecting his federal rights is in the Federal District Court."[3] (Dft.'s Mot. ¶ 3.) Defendant's ostensible attempt to obtain declaratory or injunctive relief prohibiting Michigan courts, in general, from violating "federal precedent governing ERISA" assumes that this action was properly removed. As this Court held in its January 31, 2008 Opinion and Order, it was not. Consequently, Defendant's second argument is also without merit.

For the foregoing reasons, Defendant has failed to persuade the Court that it was misled by palpable defect warranting reconsideration of its January 31, 2008 Opinion and Order.

Accordingly,

---

[3] In so arguing, Defendant cites the Michigan Supreme Court's decision in *State Treasurer v. Abbott*, 468 Mich. 143, 660 N.W. 2d 714 (2003), as well as Michigan Supreme Court Justice Marilyn Kelly's dissent in *State Treasurer v. Krueger*, 447 Mich. 938-39, 723 N.W. 2d 827 (2006). In *Abbott*, the Michigan Supreme Court held that a trial court's SCFRA order requiring a defendant-inmate to cause his pension payments to be sent to his institutional address, and if the defendant-inmate fails to do so, requiring the administrator of the defendant-inmate's pension plan to direct payment to the defendant-inmate's institutional address, did not violate ERISA's anti-alienation provision, 29 U.S.C. § 1065(d)(1). *Abbott*, 468 Mich. at 159, 660 N.W. 2d 724. In Justice Kelly's dissent in *Krueger*, she notes that *Abbott* is of questionable validity based on the Sixth Circuit's decision in *DaimlerChrysler, Corp. v. Cox*, 447 F.3d 967 (2006). *Krueger*, 447 Mich. at 939, 723 N.W. 2d at 828; *see also Abbott v. Michigan*, 474 F.3d 324, (6th Cir. 2007)(stating the Michigan Supreme Court's decision in *Abbott* "is in tension with" the Sixth Circuit's decision in *Cox*). Nevertheless, because this case was improperly removed, this Court does not have jurisdiction to pass on Defendant's argument questioning the validity of the Michigan Supreme Court's ruling in *Abbott*.

**IT IS ORDERED** that Defendant's motion for reconsideration is **DENIED**.

                                           s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE

Copies to:
Deborah Benedict Waldmeir, A.A.G.

Charles Wilson
#636215
Macomb Correctional Facility
34625 26 Mile Road
New Haven, MI 48048